# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCARTHY, : | |
| : | Civil No. 1:14-CV-2091 |
| Petitioner : | |
| : | (Judge Caldwell) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| WARDEN EBBERT, : | |
| : | |
| Respondent : | |

## REPORT AND RECOMMENDATION

**I.    Statement of Facts and of the Case**

In this case, John McCarthy, a federal prisoner housed at the United States Penitentiary Lewisburg, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. While the precise nature of his claims is often unclear, liberally construed, in his petition McCarthy appears to challenge the conditions of his confinement, the level of medical care he receives, and the very fact of his placement in the Lewisburg Penitentiary. (Doc. 1.)

Along with this petition, McCarthy has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) While we will grant this motion, for the reasons set forth below, it is submitted that we should decline this invitation to entertain these matters through a petition for writ of habeas corpus. Our screening review of this case leaves

us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241. Therefore, we recommend that this petition be dismissed

## II.     Discussion

### A.     This Petition Should Be Dismissed

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief under 28 U.S.C. § 2241. Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

To the extent that the petition attacks the conditions of McCarthy's confinement or the fact of his placement at the Lewisburg Penitentiary, summary

dismissal of this habeas petition is appropriate since the petition fails as a matter of law because complaints about the conditions of a prisoner's confinement simply do not sound in habeas. The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' " Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L.Rev. 1551, 1553 (2001)." Leamer v. Fauver 288 F.3d 532, 540 (3d Cir. 2002). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a ... prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).

Thus, where a prisoner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, courts have repeatedly held that the writ of habeas corpus is not the proper vehicle for bringing this legal challenge.  For example, in Leamer v. Fauver , supra the United States Court of Appeals discussed whether a habeas corpus petition was the appropriate tool for an inmate to use when challenging a prison placement decision. In terms that are equally applicable here the Court of Appeals held that these type of claims are not cognizable under habeas, stating:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when [habeas and other civil rights relief] is unavailable: whenever the challenge ultimately attacks the "core of habeas" -the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under [other civil rights statutes] is appropriate.

Leamer, 288 F.3d at 542 .

Following Leamer, courts have often considered invitations by inmates to use the writ of habeas corpus to examine prison placement and transfer decisions.  These invitations have been consistently declined by the courts as a legal exercise which fall beyond the scope of habeas corpus jurisdiction.  See, e.g., Bedenfield v. Lewisburg,

393 F. App'x 32, 33 (3d Cir. 2010)(challenge to placement in the SMU is analogous to the "garden variety prison transfer" that we have indicated should be challenged in a civil rights action, not via a habeas petition, citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir.2005)); Dickerson v. Diguglielmo, 306 F. App'x 707 (3d Cir. 2009); Jupiter v. Warden, U.S.P. Lewisburg, 237 F. App'x 726 (3d Cir. 2007); Levi v. Holt, 193 F. App'x 172 (3d Cir. 2006); Beckley v. Miner, 125 F. App'x 385 (3d Cir. 2005).

Indeed, in Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit directly spoke to this question regarding what must be shown to state a colorable §2241 claims in the context of a petition challenging placement at the Lewisburg Penitentiary SMU. In terms that are equally applicable here, the court of appeals stated that:

> In order to challenge the execution of his sentence under § 2241, [petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment. [Petitioner] has failed to do so here. He has not alleged that BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment. Indeed, at oral argument, [Petitioner] conceded that there was nothing in the judgment forbidding, or even concerning, his placement in the SMU. [Petitioner]'s petition simply does not concern how BOP is "carrying out" or "putting into effect" his sentence, as directed in his sentencing judgment. Consequently, [Petitioner] has not challenged the execution of his sentence, such that the District Court would have jurisdiction over his petition under § 2241. [Petitioner] alternatively argues that his claim is a challenge to the length of his confinement, and therefore may be

5

brought in a habeas petition. He argues that as a consequence of his referral to the SMU, he becomes eligible to lose "good time credits" that might have resulted in a lower sentence. We considered this argument in detail in Leamer, where a New Jersey inmate challenged his placement in a Restricted Activities Program, which consequently made him ineligible for parole. Leamer v. Fauver, 288 F.3d 532, 536 (3d Cir.2002). There, we held that such a claim was not properly brought in habeas because "a favorable decision of Leamer's challenge would [not] *necessarily imply* that he would serve a shorter sentence[.]" Id. at 543. That is, even if Leamer was removed from the Restricted Activities Program and became eligible for parole, he might not necessarily receive a shorter sentence. The facts here are virtually indistinguishable from Leamer. Even if [Petitioner]'s placement in the SMU makes him eligible to lose good time credits, he might not end up losing any. [Petitioner]'s claims do not concern the execution of his sentence, because the BOP's conduct is not inconsistent with his sentencing judgment. [Petitioner]'s claims also would not *necessarily* result in a change to the duration of his sentence. Thus, "granting [Petitioner's] petition would [not] 'necessarily imply' a change to the ... duration, or execution of the petitioner's sentence." McGee, 627 F.3d at 936. As such, [Petitioner]'s claims were not properly brought in a habeas petition under § 2241, and the District Court correctly dismissed his petition for lack of subject matter jurisdiction.

Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).

Likewise, complaints about prison medical care simply do not sound in habeas. As the court of appeals has observed in summarily affirming the dismissal of a similar federal habeas petition:

> Federal habeas corpus relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir.2002). [The petitioner's] allegation of deficient medical care does not "spell speedier release," and thus does not lie at the " 'the core of habeas corpus.' " Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)

6

(quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). <u>See also</u> <u>Leamer</u>, 288 F.3d at 542–44. In seeking [specific medical care], he does not seek a speedier release, only different medical care, and he thus must proceed through a civil rights action after exhausting his administrative remedies, and either paying the civil action filing fee or completing an in forma pauperis application.

<u>Bonadonna v. United States</u>, 446 F. App'x 407, 409 (3d Cir. 2011).

These settled legal tenets control here and are fatal to this habeas petition, which simply questions McCarthy's medical care and placement at the Lewisburg Penitentiary. Since it is well established that the types of complaints made here regarding the conditions of a prisoner's confinement simply do not sound in habeas, this petition should be dismissed.

### III. **Recommendation**

Accordingly, for the foregoing reasons, IT IS ORDERED that the petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED but upon consideration of this Petition for Writ of Habeas Corpus, IT IS RECOMMENDED that the Petition be DENIED and that a certificate of appealability should not issue. The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is

made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 3d day of November, 2014.

> *S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge