UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCARTHY,<br>    Petitioner | :<br>:<br>: |
| v. | : CIVIL NO. 1:14-CV-2091 |
| WARDEN EBBERT,<br>    Respondent | :<br>:<br>: |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 31, 2014, Petitioner John J. McCarthy filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). McCarthy, a federal prisoner confined at USP Lewisburg, alleges that the medical personnel at the prison refuse to provide him with required medication and such refusal is a deprivation of his liberty interests. (Doc. 1 at 3). Further, McCarthy's asserts that his due process rights were violated when he was placed in the Special Management Unit (SMU). (Doc. 1 at 3; Doc. 5 at 2). Accordingly, McCarthy asks us to issue a temporary restraining order and preliminary injunction. (Doc. 1 at 4). Magistrate Judge Carlson recommends that we deny the petition because none of McCarthy's allegations sound in habeas. (Doc. 4 at 3, 6). McCarthy objects to the recommendation and argues that Supreme Court precedent permits his claims be brought via a habeas petition. (Doc. 5). Because McCarthy has filed objections, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

Prisoners may only use "habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the . . . custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); see also Bonadonna v. United States, 446 F. App'x 407, 409 (3d Cir. 2011).  If a prisoner is challenging a condition of confinement or "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . .[,] habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).  A civil rights action is the appropriate vehicle for such a claim.  Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Here, McCarthy challenges his medical treatment and his placement in the SMU.  With respect to the medical treatment, McCarthy "does not seek an [immediate or] speedier release, only different medical care, and he thus must proceed through a civil rights action after exhausting his administrative remedies . . . ." Bonadonna, 446 F. App'x at 409.  With respect to his placement in the SMU, McCarthy only challenges the condition of his confinement, not the execution of his sentence.  See Bedenfield v. Lewisburg, 393 F. App'x 32, 33 (3d Cir. 2010).  He makes no allegation that his placement in SMU is inconsistent with his sentencing judgment, and he makes no allegation that his removal from the SMU would shorten his confinement.  See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).  Thus, those claims must also proceed

2

through a civil rights action.[1]   Accordingly, we agree with Magistrate Judge Carlson that McCarthy's claims are not cognizable under § 2241.

AND NOW, this 1st day of December, 2014, upon consideration of the Report and Recommendation of Magistrate Judge Carlson (Doc. 4) and the objections of Petitioner McCarthy (Doc. 5), it is ORDERED that:

1. The Report and Recommendation is ADOPTED.

2. Petitioner's objections are OVERRULED.

3. The Petition for Writ of Habeas Corpus is DENIED.

4. We will not issue a certificate of appealability since Petitioner has the right to appeal our order to the Third Circuit without a certificate.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

5. The clerk shall close this file.

                                                  /s/William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge

---

1. The cases that McCarthy cites to support his position are unavailing.  In particular, McCarthy cites Wilkinson v. Austin, 545 U.S. 209 (2005) to argue that his claims may be brought via a habeas petition.  To the contrary, the prisoners in Austin brought their claims pursuant to a civil rights action, not a § 2241 petition.